# UNITED STATES DISTRICT COURT
## for the
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES DUCKETT<br>    Plaintiff<br><br>v.<br><br>MIKE WILLIAMS<br>    Defendant | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:14 CV 03065-RJS<br>)<br>)<br>) |

## COMPLAINT FOR BREACH OF CONTRACT

The Plaintiff James Duckett by his attorney John DeMaio as and for a Complaint alleges upon information and belief:

1. **Statement of Jurisdiction**

   The plaintiff is a citizen of Connecticut. The defendant is a citizen of New York. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

2. The parties have stipulated to the sufficiency of the service of the Summons and Complaint.

3. The parties have stipulated to the venue of this Court.

## FOR A FIRST CAUSE OF ACTION

4. On or about November 15, 2009, Hadley Englehard (Englehard) and Enter Sports Management (ESM) entered into a binding contract whereby, inter-alia, Englehard and ESM agreed to pay a $17,500 advance to the Plaintiff James Duckett (Duckett) for an expense advance with regard to the recruitment of the Defendant Mike Williams (Williams) (A).

5. The Plaintiff Duckett performed fully under the contract (A) and was paid in full.

6. On or about November 15, 2009, Englehard, his partner Wes Bridges (Bridges) and ESM (the Party of The First Part) entered into a legally binding contract with the Defendant Williams (the Party of The Second Part) whereby the Party of The First Part acted as a Contract Advisor to the Party of The Second Part, with regard to the procurement of a NFL Players Contract (B).

7. The aforesaid contract (B) was executed within the State of New York.

8. At the time of the execution of the aforesaid contract (B), the Defendant Williams was a resident of the State of New York.

9. As a direct result of the recruitment by the Plaintiff Duckett, the Party of The First Part entered into a NFL Players Association Standard Representation Contract with the Defendant Williams (the Party of The Second Part)  (C).

10. Pursuant to the contract recited in paragraphs 3,4, and 5 (B), the Plaitniff Duckett is a Third Party Beneficiary whereby, the Defendant Williams agreed to pay the Plaintiff Duckett:

"33% of Net Proceeds of Player Contracts (B)"

11. The aforesaid contract (B) contains the following language:

> "Mike Williams (Player) that I, or my agency, have paid or promised to pay, directly or indirectly, the money or any other thing of value as indicated below (excluding salaries or other compensation paid to my employees or employees of my agency) to the person(s) or entities listed below in return for recruiting or helping to recruit Player to sign a Standard Representation Agreement (SRA):
> James Duckett
> ***
> ACKNOWLEDGEMENT AND
> APPROVAL OF PLAYER
>
> I, Mike Williams (Player), hereby acknowledges receiving this SRA Disclosure Form on the date set forth above, and have had adequate time to consider this information prior to signing

> the SRA. Thus, I am aware of the money or other thing of value paid or to be paid to recruiter(s) as described above and approve of same.
> \_\_\_\_signed_____   11/15/09
> Mike Williams"(B)

12. It was the intention of the parties to the aforesaid contract (B) to provide the Plaintiff Duckett with a right to performance to wit, to receive 33% of the Net Proceeds of the Player's (Williams) NFL Contracts (B).

13. The performance of the promise by the Defendant Williams to pay 33% of the Net Proceeds of this NFL Player Contracts will satisfy his obligation to pay the Plaintiff Duckett under this contract (B).

14. The contract (B) as well as all the surrounding circumstances demonstrate that the Defendant Williams intended to pay the Plaintiff Duckett 33% of the Net Proceeds of his NFL Player Contracts.

15. Thereafter the Defendant signed an NFL Contract with the NFL Tampa Bay Buccaneers with a guaranteed payment of Forty Million Two Hundred and Fifty Thousand Dollars ($40,250,000.00).

16. To date, pursuant to his contract with the Tampa Bay Buccaneers, the Defendant Williams has been paid in excess of Eight Million Dollars ($8,000,000.00)

17. To date, the Defendant Williams, in breach of contract (B) has paid nothing to the Plaintiff Duckett.

18. Based upon the aforesaid breach, the Plaintiff Duckett is entitled to 33% of the estimated $8,000,000.00 or $2,640,000.00.

## FOR A SECOND CAUSE OF ACTION

19. All prior allegations are repeated.

20. There is no adequate remedy at law with regard to future payments to the Defendant Williams from any NFL team.

21. The issues herein are ripe for determination.

22. The Plaintiff Duckett seeks a Declaratory Judgment declaring that the Plaintiff Duckett is entitled to 33% of all future NFL Team payments to the Defendant Williams.

## FOR A THIRD CAUSE OF ACTION

23. All prior allegations are repeated.

24. The Defendant Williams induced the Plaintiff Duckett to act as his recruiter by falsely claiming that the Plaintiff Duckett "would be paid for his services."

25. That aforesaid Representation of Fact was false in that the Defendant Williams never intended to pay the Plaintiff Duckett.

26. The Plaintiff Duckett relied upon the aforesaid False Representation of Fact to his financial detriment in the amount of $12,884,025.00, that is 33% of the NFL Player Guarantee, and continuing.

27. The aforesaid conduct of the Defendant Williams was done with Legal Malice entitling the Plaintiff Duckett to $25,000,000.00 in Punitive Damages.

WHEREFORE THE PLAINTIFF DEMANDS JUDGMENT AS FOLLOWS:

1) $1,515,151.15 ON THE FIRST CAUSE OF ACTION;

2) A DECLARATION OF THE RIGHT TO $12,884,025.00 ON THE SECOND CAUSE OF ACTION;

3) $37,884,025.00 ON THE THIRD CAUSE OF ACTION; AND

4) INTEREST, COSTS AND DISBURSEMENTS.

May 27, 2014

John DeMaio, 4371
Attorney for James Duckett
75 Maiden Lane, Suite 205
New York, NY 10038
Tel (212) 405-2104
Fax (646) 202-1439